Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6669 | **DATE** | 10/27/2010 |
| **CASE TITLE** | Thurston Darrell (#2010-0206166) v. Mabel Lesley, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff is given 30 days from the date of this order to: (1) either submit a completed *in forma pauperis* application or prepay the $350 filing fee, and (2) submit an amended complaint in accordance with this order. The clerk shall send to Plaintiff an *in forma pauperis* application and an amended complaint form, along with a copy of this order. Failure to comply with this order within 30 days will result in dismissal of the case without prejudice.

O [**For further details see text below.**]    Docketing to mail notices.

## STATEMENT

Plaintiff, Thurston Darrell (#2010-0206166), a pretrial detainee at the Cook County Jail, has filed this civil rights complaint under 42 U.S.C. § 1983 against Mabel Lesley (the jail's librarian for the law library), Supervisory V. Alexander, and Superintendent Martinez. Plaintiff alleges that library at the jail is insufficient.

The clerk has accepted the complaint, even though Plaintiff has neither prepaid the $350 filing fee nor submitted an *in forma pauperis* application. The filing fee issue must be resolved before Plaintiff may proceed with this case.

The Prison Litigation Reform Act requires all inmates to pay the full filing fee. If an inmate is unable to prepay the $350 filing fee, he may submit an application to proceed *in forma pauperis*, which allows the inmate to pay the filing fee in installments. The *in forma pauperis* application must be on this court's form. If the court grants the inmate's application, the court will direct correctional officials to deduct an initial partial payment of the filing fee directly from the inmate's trust fund account, and to make further monthly deductions from that account until the full filing fee is paid. To enable the court determine if Plaintiff qualifies as a pauper and to make the necessary assessment of the initial partial filing fee, Plaintiff must submit with his application, "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Plaintiff indicates that he had difficulty getting an *in forma pauperis* application from Defendant Lesley. Nevertheless, he must either submit a completed form or prepay the filing fee before proceeding with this case. Accordingly, the court directs the clerk to forward to Plaintiff an *in forma pauperis* application. Plaintiff's failure to prepay the filing fee or submit a completed application will result in dismissal of this case. Local Rule 3.3(e).
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

Additionally, Plaintiff's complaint fails to state a valid civil rights claim. Under 28 U.S.C. § 1915A, this court must conduct a preliminary review of inmates' complaints and determine if the complaint, or any claim therein, is malicious or frivolous, fails to state a claim, or seeks damages against a party immune from such relief. Plaintiff's complaint asserts that the library at the Cook County Jail is insufficient and that the person who oversees the library (Mabel Lesley) is not a paralegal and often gives poor advice or misinformation. Plaintiff states that he was representing himself in his criminal case, and he asserts that he is constitutionally entitled to an adequate library and sufficient assistance.

Plaintiff's complaint indicates that he seeks to allege that he was denied access to the courts because the library at the jail was and is inadequate. "[A]s to prisoners who claim they have been denied access to the courts, notice pleading requires plaintiffs to 'make specific allegations as to the prejudice suffered because of the defendants' alleged conduct.'" *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). A prisoner must allege how a defendant's actions prevented him from pursuing a nonfrivolous claim in court. *Id.*; *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002). In this case, Plaintiff provides no information as to how he was prejudiced.

To the extent Plaintiff's contends that he is constitutionally entitled to an adequate law library, a right of access to the courts does not include an unfettered right of access to a prison law library. *See Smith v. Shawnee Library System*, 60 F.3d 317, 323 (7th Cir. 1995); *Brooks v. Buscher*, 62 F.3d 176, 179-80 (7th Cir. 1995). That right is limited generally to library access sufficient to enable a plaintiff to determine what facts are necessary to state a cause of action, to perform basic research, to formulate legal theories, and to get through initial stages of lawsuit. *Smith*, 60 F.3d at 322; *see also Brooks*, 62 F.3d at 179-80. In the instant case, Plaintiff states legal conclusions that the library and Lesley were and are inadequate, but he provides no indication as to how. "[M]ere labels and conclusions" and a "formulaic recitation of a cause of action's elements will not do" to state a claim. *Bell Atlantic v. Twombly*, 550 U.S. 544, 547 (2007).

Accordingly, the court dismisses Plaintiff's complaint without prejudice to him submitting an amended complaint that states what actions by the Defendants prejudiced Plaintiff's ability to bring a nonfrivolous claim in court. The clerk shall forward an amended complaint form to Plaintiff. When submitting an amended complaint, Plaintiff should write the name of this case, the case number, and the name of the judge on the amended complaint. He should submit a judge's copy and a service copy for each defendant. Also, the court advises Plaintiff that an amended complaint replaces a previously filed complaint and must stand complete on its own. The court will refer only to the amended complaint to determine what claims he is raising and which parties he is suing as defendants. Therefore, Plaintiff must include in the amended complaint all of the claims he seeks to raise and name all of the defendants he seeks to sue in this case.

To proceed with this case, Plaintiff must:(1) either submit a completed *in forma pauperis* application or prepay the $350 filing fee, and (2) submit an amended complaint in accordance with this order. Failure to comply with this order within 30 days may be construed as Plaintiff's desire not to proceed with this case and will result in dismissal of the case without prejudice.